UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MARVIN JOHN GILLENKIRK,

        Petitioner,

v.                                     CASE NO. 2:06-14009
                                     HONORABLE NANCY G. EDMUNDS

HAROLD WHITE,

        Respondent.
_____/

**OPINION AND ORDER**
**(1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT,**
**(2) DISMISSING THE HABEAS CORPUS PETITION, AND**
**(3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

Petitioner Marvin John Gillenkirk has filed a *pro se* application for the writ of habeas corpus under 28 U.S.C. § 2254. Respondent has moved for summary judgment on the ground that Petitioner did not comply with the statute of limitations. Also pending before the Court are Petitioner's motions for appointment of counsel and for special consideration of his claims. The Court agrees with Respondent that the habeas petition is time-barred. Consequently, Respondent's motion will be granted and the habeas petition will be dismissed.

**I. Background**

In 1994, Petitioner was convicted in Wayne County, Michigan of second-degree murder, Mich. Comp. Laws § 750.317, assault with intent to commit murder, Mich. Comp. Laws § 750.83, and possession of a firearm during the commission of a felony, Mich. Comp. Laws §750.227b. On January 5, 1995, the trial court sentenced Petitioner to concurrent terms of ten to twenty-three years for the murder and assault convictions and to a consecutive term of two years

for the felony firearm conviction. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished decision on November 26, 1996. *See People v. Gillenkirk*, No. 183430 (Mich. Ct. App. Nov. 26, 1996). Petitioner attempted to file an application for leave to appeal in the Michigan Supreme Court, but the deadline for doing so expired on January 21, 1997, and his application was rejected as untimely on January 23, 1997.

On May 16, 2001, Petitioner signed a motion for relief from judgment, which was not entered on the trial court's docket until August 14, 2001.[1] The trial court denied the motion on December 7, 2001. Petitioner alleges that he attempted to appeal the trial court's decision, but he had to re-format his entire pleading to conform to the state appellate court's standard, and he was subsequently hospitalized for back and kidney problems. Petitioner states that the appellate court's deadline lapsed before he was transferred back to prison and could acquire assistance in preparing his pleading.

Petitioner signed and dated his habeas corpus petition on September 6, 2006. The grounds for relief read:

> I. The cumulative effect of the prosecutor's numerous acts of misconduct deprived Petitioner of the constitutionally guaranteed right to enjoy a fair trial.
>
> II. Both trial and appellate counsel provided Petitioner with constitutionally deficient ineffective assistance of counsel in violation of the Sixth Amendment of the United States Constitution.
>
> III. Detective Sergeant Robinson violated Petitioner's Sixth and Fourteenth Amendment rights by intentionally obtaining statements from Petitioner outside of the presence of his appointed

---

[1] Whether the motion was filed on May 16, 2001, or on August 14, 2001, is immaterial for purposes of this Court's analysis.

counsel.

As noted, Respondent argues that these claims are barred from substantive review by the statute of limitations.

## II. Discussion

### A. The Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 established a one-year period of limitation for habeas petitions filed by state prisoners. *See* 28 U.S.C. § 2244(d). The limitations period runs from the latest of

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Subsections B through D of the statute are not applicable here because Petitioner is not asserting a new constitutional right or newly discovered facts, and he has not shown that a state-created impediment prevented him from filing a timely habeas petition. Consequently, the statute of limitations began to run when Petitioner's convictions became final. A conviction ordinarily becomes final under § 2244(d)(1)(A), and the statute of limitations begins to run, when

> the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired. A criminal defendant has only ninety days following the entry of judgment by the 'state court of last resort' in which to file a petition for a writ of certiorari. Sup. Ct. R. 13.

*Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000).

Petitioner did not file a petition for a writ of certiorari in the United States Supreme Court. He filed an appeal of right in the Michigan Court of Appeals, which affirmed his convictions on November 26, 1996. Petitioner had fifty-six days, or until the close of business on January 21, 1997, to file an application for leave to appeal in the Michigan Supreme Court. *See* Mich. Ct. R. 7.302(C)(2) (providing fifty-six days to file an application for leave to appeal in the Michigan Supreme Court in a criminal case). Because Petitioner failed to file a timely appeal in the state supreme court, his convictions became final on January 21, 1997, when the opportunity for filing the application expired. *Erwin v. Elo*, 130 F. Supp. 2d 887, 889 (E.D. Mich. 2001) (Tarnow, J.).

The statute of limitations began to run on the following day, Fed. R. Civ. P. 6(a); *Bronaugh*, 235 F.3d at 284-85, and it expired one year later on January 21, 1998. Petitioner filed his habeas corpus petition several years later in September of 2006. Therefore, the habeas petition is time-barred, absent tolling.

## B. Statutory Tolling under 28 U.S.C. § 2244(d)(2)

Petitioner alleges in his motion for special consideration that his appeal in the Michigan Supreme Court was only one day late, and that his tardiness was due to the prison mail room and a holiday. Even if circumstances beyond Petitioner's control prevented him from filing a timely appeal in the Michigan Supreme Court, he still had almost one year in which to file his habeas corpus petition. Alternatively, he could have filed his motion for relief from judgment in the

4

trial court. Had he done so, the motion would have tolled the limitation period. *See Ege v. Yukins*, __ F.3d __, __, No. 05-2078, 2007 WL 1191911, at *6 (6th Cir. Apr. 24, 2007) (stating that "the one-year limitation period is tolled for the 'time during which a properly filed application for State or other collateral review with respect to the pertinent judgment or claim is pending.' 28 U.S.C. § 2244(d)(2)").

Petitioner did not file his motion for relief from judgment until 2001. By then, the limitation period had expired. Thus, the motion had no effect on the statute of limitations. *Hargrove v. Brigano*, 300 F.3d 717, 718 n.1 (6th Cir. 2002).

### C. Equitable Tolling

Equitable tolling applies to the one-year limitation period for habeas petitions. *Dunlap v. United States*, 250 F.3d 1001, 1003 (6th Cir. 2001). A petitioner who seeks equitable tolling generally "bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). In this Circuit, courts also must consider and balance the factors set out in *Andrews v. Orr,* 851 F.2d 146 (6th Cir. 1988), "unless there is congressional authority to the contrary." *Dunlap*, 250 F.3d at 1009. The *Andrews v. Orr* factors are:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) [the] petitioner's reasonableness in remaining ignorant of the legal requirement for filing the claim. [*Dunlap*, 250 F.3d] at 1008. These factors are not necessarily comprehensive and they are not all relevant in all cases. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis. *Id*.

*Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).

Absence of prejudice is not an independent basis for invoking the doctrine of equitable tolling, *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984), and Petitioner has not alleged that he lacked notice or constructive knowledge of the filing requirement. Nor was he was diligent in pursuing his rights. He waited over four years after his convictions became final on direct review to file his motion for relief from judgment, and he waited another four years to pursue relief here.

### III. Conclusion

The one-year limitation period expired before Petitioner filed his habeas corpus petition, and neither statutory tolling under 28 U.S.C. § 2244(d)(2), nor equitable tolling under *Andrews v. Orr*, is appropriate. Accordingly, Petitioner's motion for special consideration of his claims [Dkt. 19, May 3, 2007] is DENIED, and Respondent's motion for summary judgment [Dkt. 6, Mar. 30, 2007] is GRANTED. The habeas petition [Dkt. 1, Sept. 12, 2006] is DISMISSED with prejudice, and Petitioner's motion for appointment of counsel [Dkt. 4, Jan. 3, 2007] is DENIED as moot. The Court DECLINES to grant a certificate of appealability, because reasonable jurists would not debate whether the Court's procedural ruling is correct and whether the petition states a valid claim of the denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

                                        s/Nancy G. Edmunds
                                        Nancy G. Edmunds
                                        United States District Judge

Dated: May 29, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 29, 2007, by electronic and/or ordinary mail.

                                        s/Carol A. Hemeyer

                                        Case Manager